Tucker, P.
I am of opinion that there is not sufficient proof of Chevis,s agency for Chapman, to absolve the sureties of Chevis from responsibility for his omission to pay over the amount of the execution made by him, to the plaintiff’s attorney. I am farther of opinion that as no objection was made by Chevis to the attorney’s authority to collect the demand, this défence cannot now be made by himself or his sureties. Notwithstanding the provisions of the statute, the demand of the attorney upon record, has been decided to be sufficient to fix the sheriff (4 Munf. 4-55.); and it is equally clear to my mind, that if the sheriff acknowledges the authority of any other attorney, or, by his silence and his conduct, may be fairly presumed to have admitted *307 It, it is too late to make the objection when a motion is t m made against him.
I am also of opinion that upon a fair construction of the statute, although the creditor may move against the sheriff and the surviving sureties, and the representatives of the deceased sureties, jointly, yet as the obligation is several as well as joint, the creditor has a right to a several as well as joint remedy. Next, it would seem from the case of Leftwich v. Berkeley, 1 Hen. & Munf. 61. and other cases in this court, that though the obligee in a joint and several bond cannot proceed against more than one obligor unless he proceeds against all, yet if one be dead, he may proceed jointly against all the survivors. It was, therefore, regular in this case to proceed against all who were living, unless the act imperatively requires the joining of the representatives of the deceased. This at common law could not have been done, and it is not by this act commanded to be done, but only declared to be lawful. I am therefore of opinion to reverse the judgment, and enter it against the sureties as well as the principal.
The other judges concurred. Judgment of circuit court reversed, and judgment entered against all the defendants in the motion.